The United States acquired a tract of land by filing a declaration of taking and deposit and a claim in the United States District Court for the Western District of Virginia at Abingdon on January 20,1969, and an order adjudging the United States to be vested with title to the tract was entered on February 3,1969, the land being acquired for a flood control project on the Pound Diver in Virginia. Prior to the taking of title, the tract was vested in certain individuals, subject to a coal lease to Cumberland Collieries. Plaintiff claims that she had a lease with Cumberland Collieries for the removal of coal, and that the action of the United States has deprived her of her right of access and of entry to the coal, and she seeks just compensation. This case came before the court on defendant’s motion to dismiss the petition or, in the alternative, for summary judgment. Upon consideration thereof, together with the opposition thereto, without oral argument, the court has concluded that plaintiff has failed to state a proper claim for just compensation in that (a) in the absence of a property interest in Tract No. 833M, plaintiff’s claim is merely for frustration of her contract with Cumberland Collieries, not for the taking of any property interest in her own tract or otherwise, and such claim is not compensable under the Fifth Amendment. See Omnia Commercial Co. v. United States, 261 U.S. 502 (1923); Southern Counties Gas Co. v. United States, 141 Ct. Cl. 28, 157 F. Supp. 934, cert. denied, 358 U.S. 815 (1958); R. J. Widen Co. v. United States, 174 Ct. Cl. 1020, 1028-29, 357 F. 2d 988, 993-94 (1966) ; Klein v. United States, 179 Ct. Cl. 910, 375 F. 2d 825 (1967), cert. denied, 389 U.S. 1037 (1968); and United States v. 677.50 Acres of Land in Marion County, Kansas, 420 F. 2d 1136 (C.A. 10), cert. denied, 398 U.S. 928 (1970). On April 27, 1973, by order, the court granted defendant’s motion as a motion for summary judgment and dismissed the petition.